**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Edye S. Burton, individually and on behalf of all others similarly situated, | ) ) ) | FILED: OCTOBER 8, 2008 08CV5751 |
| Plaintiff, | ) ) | JUDGE DARRAH MAGISTRATE JUDGE KEYS |
| v. | ) ) | BR No. |
| Northstar Location Services, LLC, a New York limited liability company, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

### CLASS ACTION COMPLAINT

Plaintiff, Edye S. Burton, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a declaration that the form of Defendant's debt collection letter violates the FDCPA, and to recover damages for Defendant's violation of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant transacts business here.

### PARTIES

3. Plaintiff, Edye Burton ("Burton"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom Defendant attempted to collect a

delinquent consumer debt allegedly owed originally to GE Capital–JC Penney Consumer, but now owed to LVNV Funding, LLC.

4.  Defendant, Northstar Location Services, LLC ("Northstar"), is a New York limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois. In fact, Northstar was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Ms. Burton.

## FACTUAL ALLEGATIONS

5.  Defendant sent Ms. Burton an initial form collection letter, dated March 3, 2008, demanding payment of a debt allegedly owed to GE Capital–JC Penney Consumer, which was identified in the letter as the "CREDITOR". In fact, the creditor was no longer GE Capital-JC Penney, rather it was a bad debt buyer, LVNV Funding, LLC, which specialize in buying portfolios of defaulted consumer debts for pennies on the dollar.

6.  This letter failed to advise Ms. Burton who the current creditor was, and made a settlement offer to resolve her delinquent consumer account for 75% of the balance, but stated that this offer was only available for a "limited time". Specifically, the letter stated, in pertinent part:

* * *

| | **CREDITOR:** |
|---|---|
| The above account has been referred to our office by LVNV Funding LLC. Your account is listed as delinquent with a total amount due of $465.55. | GE Capital-JC Penney Consumer |
| | **ACCOUNT #:** |
| | XXXXXXXXXXXXX |
| Please remit the amount due in the enclosed return | **DATE:** |

2

> envelope or if you prefer to pay by Check-by-phone
> or MasterCard/Visa, you may contact us at
> 1-866-610-2726 and we will process your payment.
> You may also visit our website at https://www.gotonls.com
> to make a payment.  In the event your payment is
> returned by your financial institution for non-sufficient funds
> or because the account was closed, you may be charged a
> service fee in the amount of $15.00.
>
> 03/03/08
> **BALANCE DUE:**
> $379.04
>
> In addition, for a limited time, we are offering a hardship settlement in the amount of $349.16.  To find out if you qualify, contact our office at 1-866-610-2726 to discuss this payment option with one of our trained representatives.

* * *

A copy of this letter is attached as Exhibit A.

7. All of Defendant's collection actions at issue in this matter occurred within one year of the date of this Complaint.

8. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692g(a)(2)**
**Failure To Effectively Identify The Current Creditor**

9. Plaintiff adopts and realleges ¶¶ 1-8.

10. Section 1692g of the FDCPA requires that, within 5 days of Defendant's first communication to a consumer, the Defendant provide the consumer with an effective validation notice, containing, among other disclosures, "(2) the name of the creditor to whom the debt is owed;", see, 15 U.S.C. § 1692g(a)(2).

11. Defendant's form collection letter states that the creditor is GE Capital-JC Penney Consumer; while LVNV Funding, LLC, is mentioned in the letter as having referred Plaintiff's account to Defendant Northstar, nowhere in the letter is LVNV identified as the current creditor, see, Exhibit A.  Defendant's letter fails to advise Ms.

3

Burton that LVNV Funding, LLC is, in fact, the current creditor. Defendant's form collection letter (Exhibit A), thus violates § 1692g(2) of the FDCPA.

12. Defendant's violation of § 1692g of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692e Of The FDCPA -**
**Making False Statements**

13. Plaintiff adopts and realleges ¶¶ 1-8.

14. Section 1692e of the FDCPA prohibits Defendant Northstar from making any false and/or any deceptive or misleading statements in connection with the collection of any debt, see, 15 U.S.C. § 1692e.

15. Defendant Northstar falsely stated, in its form collection letter (Exhibit A), that the creditor is GE Capital-JC Penney Consumer. In fact, while GE-Capital-JC Penney Consumer may have been the original creditor, it no longer owns Plaintiff's account. The actual creditor is LVNV Funding, LLC. The statement as to the identity of the creditor in Defendant's collection letter (Exhibit A), is thus false in violation of § 1692e of the FDCPA.

16. Defendant Northstar's violation of § 1692e of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**COUNT III**
**Violation Of § 1692e Of The FDCPA -**
**Making False and/or Deceptive Or Misleading**
**Statements Of Limited Time Settlement Offers**

17. Plaintiff adopts and realleges ¶¶ 1-8.

18. Section 1692e of the FDCPA prohibits Defendant Northstar from making any false and/or deceptive or misleading statements in connection with the

4

collection of any debt, see, 15 U.S.C. § 1692e.

19. Defendant Northstar falsely stated, in its form collection letter (Exhibit A), that it was offering a "limited time" hardship settlement, and Plaintiff should call "to find out if you qualify". In fact, LVNV Funding, LLC bought Ms. Burton's account for pennies on the dollar and thus, Defendant and its client, LVNV Funding, LLC, are virtually always ready to settle delinquent debts, like Plaintiff's debt, at a substantial discount, nor would any consumer, including Ms. Burton, not "qualify" for such a discount. Thus, the statements in Defendant Northstar's letter -- that the offer was for a limited time, or that it was necessary to qualify for the settlement offer -- were false, in violation of § 1692e of the FDCPA. See, Goswami v. American Collections Enterprise, Inc., 377 F.3d 488, 496 (5th Cir. 2004), and Evory v. RJM Acquisitions Funding, LLC, 505 F.3d 769 (7th Cir. 2007).

20. Defendant Northstar's violation of § 1692e of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## CLASS ALLEGATIONS

21. Plaintiff, Edye S. Burton, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Illinois from whom Defendant attempted to collect a delinquent consumer debt allegedly owed originally to GE Capital – JC Penney Consumer, but now actually owed to LVNV Funding, LLC, via a letter dated from one year before the date of this Complaint to the present, via the same form collection letter Defendant Northstar sent to Plaintiff, and as to which Defendant made an offer to settle the debt for 75% of the balance. This action seeks a

declaration that Defendant Northstar's form letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

22. Defendant Northstar regularly engages in debt collection, using the same form collection letter it sent Plaintiff Burton, in its attempts to collect from other persons.

23. The Class consists of more than 35 persons from whom Defendant attempted to collect delinquent consumer debts by sending other consumers the same form collection letter it sent Plaintiff Burton.

24. Plaintiff Burton's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

25. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

26. Plaintiff Burton will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because

Defendant's conduct was perpetrated on all members of the Class and will be established by common proof.  Moreover, Plaintiff Burton has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Edye S. Burton, prays that this Court:

1. Certify this action as a class action;

2. Appoint Plaintiff Burton as Class Representative of the Class, and her attorneys as Class Counsel;

3. Declare that Defendant's form collection letter violates the FDCPA;

4. Enter judgment in favor of Plaintiff Burton and the Class, and against Defendant, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA;  and,

5. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Edye S. Burton, demands trial by jury.

    Edye S. Burton,

    By: /s/ David J. Philipps
    One of Plaintiff's Attorneys

Dated:  October 8, 2008

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com